## TAYLOR v MOORE

Ohio Appeals, 2nd Dist, Franklin Co

No 2892.   Decided Oct 8, 1938

160

Frank H. Dye, Columbus, for plaintiff-appellant.

Carl A. Lortz, Columbus, and Kennedy & Horner, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined in this court as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The original action was for damages by reason of a claimed assault and battery.

The jury returned a verdict in favor of the plaintiff and assessed the damages at one dollar. Plaintiff filed motion for new trial which in due time was overruled and judgment entered on the verdict. Plaintiff then gave notice of appeal on questions of law and fact.

While plaintiff sets out a number of assignments of error his ultimate complaint is that the amount of the verdict was inadequate. We have examined the bill of exceptions very carefully and have no difficulty in arriving at the conclusion that the jury could well find that the plaintiff was not injured at all and hence allowed nothing more than nominal damages.

Another ground of complaint is that the trial court committed error in transmitting a message to the jury through the bailiff in answer to an inquiry.

One complete answer to this assignment of error is that the bill of exceptions contains no facts supporting this contention.

We do find in the written opinion of the court in overruling the motion for new trial a statement as to what occurred. This is not sufficient upon which to predicate error. Any and every factual question must be incorporated in a bill of exceptions.

We might say, however, that if we could accept the statement of the trial court it would appear that counsel for the plaintiff consented that the court do exactly what he did do, and hence by reason of such agreement no error could be predicated upon the action of the court.

Complaint is also made of irregularities in the verdict of the jury.

The verdict as returned, omitting formal parts read:

"And assess the amount of recovery due to the plaintiff from the defendant at the sum of one dollar ($1.00), plus court costs."

Of course the jury had no power to determine who should pay costs. This is fixed by law after the jury returns its verdict. Under the provisions of §11626, GC, plaintiff cannot recover costs in any action for assault and battery when the recovery is under the amount of five dollars.

The trial court pleaded as surplusage that part of the verdict providing for costs. The following supports the court's action: **Vol. 39 O. J., p. 1117 to 1122, inc.; Daly v Savage, 27 Oh Ap 133.**

Other errors of minor importance are referred to. We have examined each and all. We have also carefully read all citation of authorities.

Finding no prejudicial error the judgment of the trial court will be affirmed.

HORNBECK and GEIGER, JJ, concur.